Marc J. Randazza, NV Bar No. 12265
Trey A. Rothell, NV Bar No. 15993
**RANDAZZA LEGAL GROUP, PLLC**
4974 S. Rainbow Blvd., Suite 100
Las Vegas, Nevada 89118
Telephone: 702-420-2001
ecf@randazza.com

Maxwell Goss (*pro hac vice*)
Elizabeth Erickson (*pro hac vice*)
**MAXWELL GOSS PLLC**
2701 Cambridge Court, Suite 100
Auburn Hills, Michigan 48326
Telephone: (248) 266-5879
max@maxwellgoss.com
elizabeth@maxwellgoss.com

Attorneys for Defendants
Chang's Dynasty LLC and Alan Chang

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| THE SPEARMINT RHINO COMPANIES WORLDWIDE, INC., and K-KEL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CHANG'S DYNASTY LLC, and ALAN CHANG, <br><br> Defendants. | Case No. 2:23-cv-02040-ART-BNW <br><br> **DEFENDANTS' ANSWER <br> AND AFFIRMATIVE DEFENSES** <br><br> **JURY TRIAL DEMANDED** |

## ANSWER

Defendants Chang's Dynasty LLC and Alan Chang ("Defendants") answer the Complaint as follows:

### As to "NATURE OF THE ACTION"

1. Defendants admit that this is an action to recover alleged damages related to the stated allegations. Defendants deny the remaining allegations in paragraph 1 of the Complaint. Stating further, Defendants deny all liability.

**As to "THE PARTIES"**

2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Complaint.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of the Complaint.

4. Defendants deny that Chang's Dynasty LLC has authorized, directed, and/or actively participated in wrongful conduct. Defendants admit the remaining allegations in paragraph 4 of the Complaint.

5. Defendants deny that Alan Chang has authorized, directed, and/or actively participated in wrongful conduct. Defendants admit the remaining allegations in paragraph 5 of the Complaint.

**As to "JURISDICTION AND VENUE"**

6. Defendants admit that the allegations in the complaint are based on the referenced statute. Stating further, Defendants deny all liability.

7. The allegations in paragraph 7 of the Complaint are legal conclusions to which no response is required. To the extent a response may be required, Defendants do not contest the allegations in paragraph 7 of the Complaint.

8. The allegations in paragraph 8 of the Complaint are legal conclusions to which no response is required. To the extent a response may be required, Defendants do not contest the allegations in paragraph 8 of the Complaint.

9. The allegations in paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent a response may be required, Defendants do not contest the allegations in paragraph 9 of the Complaint.

10. The allegations in paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent a response may be required, Defendants do not contest the allegations in paragraph 10 of the Complaint.

**As to "FACTS MATERIAL TO THE CLAIMS ALLEGED HEREIN"**

11. Defendants deny that the SPEARMINT RHINO word mark and design mark are famous within the meaning of the Lanham Act. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11 of the Complaint.

12. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Complaint.

13. Defendants deny that the referenced mark is famous within the meaning of the Lanham Act. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13 of the Complaint.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Complaint.

15. Defendants deny that the referenced mark is famous within the meaning of the Lanham Act. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 15 of the Complaint.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Complaint.

17. Defendants admit the allegations in paragraph 17 of the Complaint.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants admit the allegations in paragraph 19 of the Complaint.

20. Defendants admit that Chang's Dynasty LLC promotes services, *inter alia*, via the website https://thepepperminthippo.com/. Defendants deny the remaining allegations in paragraph 20 of the Complaint.

21. Defendants admit the allegations in paragraph 21 of the Complaint. Stating further, the full description of goods and services in the referenced trademark registrations is: "Adult entertainment services, namely, gentlemen's clubs featuring exotic dancing."

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny that Defendants are or have been using unfair search engine optimization (SEO) strategies by using keywords and ad words that are confusingly similar to Plaintiff's Spearmint Rhino trademark. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 24 of the Complaint.

25. Defendants deny that Defendants have used any "unfair SEO" and deny any intent to cause consumer confusion or blurring with the Spearmint Rhino Marks. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

**As to "FIRST CLAIM**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. §§ 1114-1117; Lanham Act§ 32)**
**(Against All Defendants)"**

29. Defendants restate and incorporate by reference all of the foregoing admissions, denials, and other statements.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

**"As to SECOND CLAIM**
**FEDERAL UNFAIR COMPETITION**
**(False Designation of Origin and False Description)**
**(15 U.S.C. § 1125(a); Lanham Act§ 43(a))**
**(Against All Defendants)"**

34. Defendants restate and incorporate by reference all of the foregoing admissions, denials, and other statements.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

### As to "THIRD CLAIM
### FEDERAL DILUTION OF FAMOUS MARKS
### (Trademark Dilution Revision Act of 2006 (TDRA))
### (15 U.S.C. § 1125(c); Lanham Act § 43(a))"

37. Defendants restate and incorporate by reference all of the foregoing admissions, denials, and other statements.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

### As to "FOURTH CLAIM
### CANCELLATION OF REGISTRATION
### (15 U.S.C. § 1064(1); Lanham Act § 14(1))"

41. Defendants restate and incorporate by reference all of the foregoing admissions, denials, and other statements.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

### AFFIRMATIVE AND OTHER DEFENSES

Defendants Chang's Dynasty LLC and Alan Chang ("Defendants") state the following for affirmative and other defenses, expressly reserving the right to amend or supplement:

1. Plaintiffs fail to state a claim upon which relief may be granted. For example, Plaintiffs fail to state a claim for trademark dilution.

2. Chang's Dynasty LLC's registered trademarks enjoy a presumption of validity and other protections that Plaintiffs cannot overcome.

3. Plaintiffs' claims are barred by waiver, estoppel, acquiescence, and/or laches. For example, Plaintiffs have long known of Chang's Dynasty LLC's use of its marks.

4. Plaintiffs' claims are barred by the doctrine of unclean hands.

5.   Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages, if any.

WHEREFORE, Defendants respectfully request that the Court deny all relief sought by Plaintiffs for each asserted cause of action, and that the Court award to Defendants their costs, attorney's fees, and all other relief to which they may be justly entitled.

## JURY DEMAND

Defendants demand a trial by jury on all issues to triable.

Dated: January 31, 2024.    Respectfully submitted,

/s/ Maxwell Goss
Maxwell Goss (*pro hac vice*)
Elizabeth Erickson (*pro hac vice*)
**MAXWELL GOSS PLLC**
2701 Cambridge Court, Suite 100
Auburn Hills, Michigan 48326

Marc J. Randazza, NV Bar No. 12265
Trey A. Rothell, NV Bar No. 15993
**RANDAZZA LEGAL GROUP, PLLC**
4974 S. Rainbow Blvd., Suite 100
Las Vegas, NV 89118

Attorneys for Defendants
Chang's Dynasty LLC and Alan Chang

Case No. 2:23-cv-02040-ART-BNW

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 31, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Maxwell Goss
Maxwell Goss