Douglas Q. Hahn (admitted *pro hac vice*)
 dhahn@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA  92660
Tel: (949) 725-4000

Meng Zhong, Esq., NV Bar No. 12145
 mzhong@lewisroca.com
Ogonna M. Brown, Esq., NV Bar No. 7589
 obrown@lewisroca.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Tel: (702) 949-8200

Attorneys for Plaintiffs The Spearmint Rhino
Companies Worldwide, Inc. and K-Kel, Inc.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| The Spearmint Rhino Companies Worldwide, Inc. and K-Kel, Inc., <br><br>                              Plaintiffs, <br><br>     vs. <br><br> Chang's Dynasty LLC and Alan Chang, <br><br>                              Defendants. | Civil Action No. 2:23-cv-02040-ART-BNW <br><br> Honorable Brenda Weksler <br><br> **JOINT CASE MANAGEMENT REPORT AND PROPOSED SCHEDULING ORDER PURSUANT TO FRCP 26(f)** <br><br> *[SPECIAL SCHEDULING REVIEW REQUESTED]* |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order to File Case Management Report (ECF No. 15), Plaintiffs The Spearmint Rhino Companies Worldwide, Inc. and K-Kel, Inc. ("Plaintiffs") and Defendants Chang's Dynasty LLC and Alan Chang ("Defendants") jointly submit the following joint case management report:

4882-3704-2091v2/103693-0051

I.    **RULE 26(F) CONFERENCE**

Pursuant to Rule 26(f), the parties held a meeting on March 6, 2024, which was facilitated, attended, and completed by the parties' respective counsel of record.

II.   **STATEMENT OF THE NATURE OF THE CASE**

1. **Plaintiffs' Statement**

Spearmint Rhino uses the SPEARMINT RHINO word mark and related design mark (the "Spearmint Rhino Marks") which are famous around the world in connection with adult entertainment services as well as restaurant and bar services. The Spearmint Rhino Marks are federally registered with the U.S. Patent and Trademark Office, as well as in foreign trademark offices; all are in full force and effect, and exclusively owned by the Plaintiff. Spearmint Rhino has continuously used each of its trademarks, from the registration date or earlier, until the present and during all time periods relevant to Spearmint Rhino's claims. One example of these marks is U.S. Trademark Registration Nos. 2129965, 2712739, and 3189326.  The SPEARMINT RHINO trademarks are famous and are recognized around the world and throughout the United States as signifying high quality venue for adult entertainment services.

Chang's Dynasty has obtained U.S. trademark registrations for the PEPPERMINT HIPPO (word mark) under U.S. Trademark Registration No. 7150593 on August 29, 2023, and the Peppermint Hippo (design mark) under U.S. Trademark Registration No. 5996838 on February 25, 2020, both for adult entertainment services.  Chang's Dynasty, at the direction of its General Manager, Mr. Chang, has in the past and continues to offer and provide adult entertainment services as well as restaurant and bar services using the designation PEPPERMINT HIPPO (the "Peppermint Hippo designations") that are confusingly similar to Plaintiff's Spearmint Rhino Marks.  Defendants have used the Peppermint Hippo designations at its places of business in Akron, OH, Toledo, OH, Neenah, WI, Pineville, MO, Little Rock, AR, Fayetteville, AR, Reno, NV and Las Vegas, NV which provide adult entertainment services. Additionally, Mr. Chang previously worked as Director of Business Development for Spearmint Rhino from 2005 to 2015.

1  Defendants continue to offer and provide adult entertainment services under the
2  Peppermint Hippo designations, and continues to obtain substantial profits thereby from their
3  intentional and willful acts of trademark infringement, unfair competition and dilution.  Plaintiffs
4  filed their complaint to halt the continued damages it has faced form Defendants' usage of the
5  confusingly similar and dilutive Peppermint Hippo designations.

**2.  Defendants' Statement**

Defendants regard this lawsuit as pretextual and anticompetitive. Defendants' registered PEPPERMINT HIPPO marks enjoy a presumption of validity that Plaintiffs cannot overcome. There is no likelihood of customer confusion between Plaintiff's marks and Defendants' marks. Further, there is no dilution of Plaintiffs' SPEARMINT RHINO marks, which are not "famous" within the meaning of the Lanham Act.

### III.   JURISDICTIONAL STATEMENT

This Court has subject matter jurisdiction over the claims in this action as this action is based on the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (TDRA) (15 U.S.C. §§ 1051, *et seq*.). Specifically, this Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (Lanham Act)

### IV.   ADDITIONAL PARTIES

Neither party expects to add additional parties or amend the pleadings at this time. However, the parties reserve the right to seek leave to amend their pleadings to add additional parties, if any, as may be appropriate in the circumstances.

### V.   PENDING MOTIONS

None at this time.

### VI.   RELATED CASES

The parties are not aware of any related cases pending before any court.

## VII. STATEMENT REGARDING DISCOVERY

1. The parties have agreed to exchange Rule 26(f) Disclosures by Friday, March 23, 2024 (i.e., 16 days after the March 6, 2024 Rule 26(f) conference).

2. The parties have served an initial round of written discovery requests.

3. The parties believe that a protective order will be needed to govern the exchange of sensitive confidential corporate documents and other proprietary information during discovery. The parties also believe that the protective order should include a designation of extremely sensitive documents that should only be shared with attorneys and experts. The parties will work to reach an agreement on the same and if agreed, jointly move the Court for the entry of the agreed-upon protective order.

4. The parties have agreed to the modified deadlines set forth below.

5. The parties do not anticipate the need to take any discovery outside of the United States at this time. However, the parties do anticipate that some discovery may take place outside the State of Nevada. The anticipated discovery is likely to consist of depositions of party and non-party witnesses. The parties may serve out-of-state subpoena(s) depending on what information is obtained during the discovery process.

6. Presently, the parties do not anticipate needing to take more than 10 depositions each and do not believe any deposition should last more than the time allowed for under the Federal Rules of Civil Procedure. In the event that either party deems that it needs additional time for a particular witness, the parties agree to meet and confer on that issue and attempt to reach a mutually agreeable resolution.

7. The parties expect to take the deposition of key witnesses in person. The parties also anticipate that one or more depositions may be by video and/or sound recording.

8. The parties agree to serve and accept service of papers and documents, including discovery requests and deposition notices and subpoenas, by email.

## VIII. STATEMENT REGARDING ESI

The parties do not anticipate the need for any special protocols with ESI discovery. The parties anticipate they will be able to meet and confer on an agreement for ESI

production protocols, should there be a need.

### IX. PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER

To facilitate orderly case management while moving the case forward expeditiously, the parties jointly propose the following discovery plan that is amended from the Court's presumptive 6-month schedule under L.R. 26-1:

1. Defendants first appeared on January 9, 2024 and filed their Answer on January 31, 2024. The parties require approximately 180 days from the date of the Answer to complete fact discovery. Fact discovery will close on Thursday, August 1, 2024, which is 183 days after the date the Answer was filed.

2. Amendment of Pleadings and Adding of Parties [L.R. 26-1(b)(2)]: The parties shall have until Friday, May 31, 2024, to file any motion to amend the pleadings or to add parties, which is 60 days before the fact discovery cutoff date.

3. F.R.C.P. 26(a)(2) Disclosures (Experts) [L.R. 26-1(b)(3)]: the initial disclosure of experts and expert reports shall be due on Thursday, August 29, 2024, which is 28 days after the proposed fact discovery cutoff date; and the disclosure of rebuttal experts and rebuttal expert reports shall occur on Thursday, September 26, 2024, which is 28 days after the initial disclosure of experts. Expert discovery shall close on Wednesday, October 30, 2024.

4. Dispositive Motions [L.R. 26-1(b)(4)]: The parties shall have until Wednesday, November 20, 2024 to file dispositive motions, which is 21 days after the expert discovery cutoff date.

5. Pre-Trial Order [L.R. 26-1(b)(5)]: The joint pre-trial order shall be filed by Friday, December 20, 2024, which is 30 days after the expert discovery cutoff date. If a dispositive motion is timely filed, this deadline is suspended until 30 days after decision of the dispositive motion or further order of the Court.

6. Electronic Evidence: The parties intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties plan to provide discovery in electronic format and expect all materials presented to the jury to be compatible with

the court's electronic jury evidence display system. The parties have made no stipulations in this regard at this time, but shall meet and confer closer to the time of trial to attempt to reach a mutually agreeable protocol regarding the electronic presentation of evidence.

## X.   JURY TRIAL

The parties requested a jury trial. The case should be ready for trial by February 2025 and the parties anticipate a trial will take approximately 5-7 days.

## XI.   ALTERNATIVE DISPUTE RESOLUTION

The parties met and conferred about the possibility of using alternative dispute-resolution processes, including the possibility of retaining a to discuss the parties' respective positions regarding settlement. The parties declined to pursue this option and no resolution has been reached.

## XII.   ALTERNATIVE FORMS OF CASE DISPOSITION

The parties considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The parties do not consent to trial by a magistrate judge. The parties decline to use the Short Trial Program.

## XIII.   PHASING OF TRIAL

The parties do not believe that bifurcation of trial is necessary at this time, but reserve the right to revisit as the matter proceeds.

## XIV. CASE MANAGEMENT CONFERENCE

The parties do not anticipate the need for a case management conference at this time, but leave this determination to the discretion of the Court.

Dated: March 18, 2024                       STRADLING YOCCA CARLSON & RAUTH LLP

By: /s/ Douglas Q. Hahn
    Douglas Q. Hahn (admitted *pro hac vice*)

LEWIS ROCA ROTHGERBER CHRISTIE LLP
    Meng Zhong, Esq., NV Bar No. 12145
    Ogonna M. Brown, Esq., NV Bar No. 7589

*Attorneys for Plaintiffs The Spearmint Rhino Companies Worldwide, Inc. and K-Kel, Inc.*

MAXWELL GOSS PLLC

Dated: March 18, 2024

By: /s/ Maxwell Goss
    Maxwell Goss (admitted *pro hac vice*)
    Elizabeth Erickson (admitted *pro hac vice*)

RANDAZZA LEGAL GROUP, PLLC
    Marc J. Randazza, NV Bar No. 12265
    Trey A. Rothell, NV Bar No. 15993

*Attorneys for Defendants Chang's Dynasty LLC and Alan Chang*

**IT IS SO ORDERED**

**DATED:** 4:47 pm, March 19, 2024

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that a true and correct copy of the document is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                              */s/ Douglas Q. Hahn*
                                              Attorney for Plaintiffs