Douglas Q. Hahn (admitted *pro hac vice*)
  dhahn@stradlinglaw.com
Salil Bali (admitted *pro hac vice*)
  sbali@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA  92660
Tel: (949) 725-4000

Ogonna M. Brown, Esq., NV Bar No. 7589
  Ogonna.Brown@wbd-us.com
Meng Zhong, Esq., NV Bar No. 12145
  Meng.Zhong@wbd-us.com
WOMBLE BOND DICKINSON LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Tel: (702) 949-8200

*Attorneys for Plaintiffs The Spearmint Rhino*
*Companies Worldwide, Inc. and K-Kel, Inc.*

Marc J. Randazza, NV Bar No. 12265
Trey A. Rothell, NV Bar No. 15993
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Suite 100
Las Vegas, Nevada 89118
Telephone: 702-420-2001
ecf@randazza.com

Maxwell Goss (*pro hac vice*)
MAXWELL GOSS PLLC
2701 Cambridge Court, Suite 100
Auburn Hills, Michigan 48326
Telephone: (248) 266-5879
max@maxwellgoss.com

*Attorneys for Defendants*
*Chang's Dynasty LLC and Alan Chang*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| The Spearmint Rhino Companies Worldwide, Inc. and K-Kel, Inc., | Civil Action No.  2:23-cv-02040-ART-BNW |
| Plaintiffs, | Honorable Anne R. Traum<br>Magistrate Judge Brenda Weksler |
| vs. | **JOINT STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY** |
| Chang's Dynasty LLC and Alan Chang, | |
| Defendants. | **(FOURTH REQUEST)** |

Plaintiffs The Spearmint Rhino Companies Worldwide, Inc. and K-Kel, Inc. ("Plaintiffs") and Defendants Chang's Dynasty LLC and Alan Chang ("Defendants") (collectively, "the Parties") hereby stipulate as follows pursuant to FRCP 26, LR IA 6-1 and LR 26-3:

## I.    COMPLETED DISCOVERY

The Parties have engaged in considerable discovery, with Plaintiffs and Defendants having served multiple sets of interrogatories, requests for production, and requests for admission. The exchanged written discovery has been completed and the parties have agreed not to serve any further written discovery. The parties have also exchanged documents and completed seven depositions to date.

## II.    REMAINING DISCOVERY

A number of depositions of knowledgeable parties' witnesses, prior employees and organization designees (30(b)(6) witnesses) remain to be taken.  These depositions have not been completed, in part due to witness health concerns for one key witness and the availability of other witnesses and counsel.  For the remaining depositions, to save time and expense, counsel have agreed to conduct all depositions in either Las Vegas or Newport Beach (or otherwise via remote means) and to schedule depositions together to reduce the number of trips needed. However, this approach has proven to require more advance planning and coordination, especially as counsel have learned that certain witnesses were previously committed, unavailable, or traveling.  In addition, some attorneys were sick for some time during the prior extension period, which further complicated these depositions and caused delays.

## III.    PROPOSED EXTENSION

The parties believe that they can complete the remaining discovery with the adjustments to the existing schedule set forth below.

|  | Current Deadline | New Deadline |
|---|---|---|
| Close of Fact Discovery | January 31, 2025 | March 28, 2025 |

-1-
JOINT STIPULATION TO EXTEND DISCOVERY

4904-4224-6419v4/103693-0051

| F.R.C.P. 26(a)(2) Disclosures | February 28, 2025 | April 22, 2025 |
|---|---|---|
| Disclosure of Rebuttal Experts | March 28, 2025 | May 16, 2025 |
| Expert Discovery Closes | April 25, 2025 | May 30, 2025 |
| Dispositive Motions | May 23, 2025 | June 20, 2025 |
| Pretrial Order | June 20, 2025 | July 18, 2025 |

## IV.    THERE IS GOOD CAUSE TO EXTEND THE DISCOVERY DEADLINE

While the parties recognize that the last extension was intended to be a final extension, the parties have engaged diligently to work together on the remaining discovery.  However, the circumstances outlined above have made it necessary to seek additional accommodation from the Court.

The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the movant's diligence. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013).  The key determination is whether the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 638 (D. Nev. 2021). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Id.*; *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Id.*; *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "The diligence obligation is ongoing" such that parties must "diligently attempt to adhere to [the deadlines in the scheduling order] throughout the subsequent course of the litigation." *Id.* quoting *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the

-2-

1    entire period of time already allowed. *Williams v. James River Grp. Inc.*, No.

2    222CV00186RFBNJK, 2022 WL 4181415, at *3 (D. Nev. Sept. 13, 2022). The party seeking

3    modification of the scheduling order bears the burden of establishing diligence. *Singer v. Las*

4    *Vegas Athletic Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019).

5         Here, both parties have been working diligently to undertake discovery in good faith

6    and avoid unnecessary motion practice.  As recently as January 13-17, 2025, the parties were

7    in Las Vegas taking depositions and conducting site inspections.  During that time counsel for

8    Plaintiffs and Defendants discussed the remaining depositions and the feasibility of completing

9    them before the upcoming deadline.  The parties met and conferred last week, consulted with

10   respective local counsel, and now immediately bring this motion.

11        Courts have found good cause where there has been a development of unforeseen

12   matters and scheduling difficulties. *United States v. Tucker*, No. 221CV02049JCMNJK, 2022

13   WL 5264371, at *1 (D. Nev. Aug. 31, 2022) (finding good cause for an extension where

14   scheduling difficulties have led to the inability to take the deposition during the current

15   discovery period); *Castronovo-Flihan v. State Farm Mut. Auto. Ins. Co.*, No.

16   220CV01197JCMDJA, 2021 WL 5413886, at *2 (D. Nev. Sept. 17, 2021) (finding good cause

17   to extend the discovery deadlines where defendant was diligent in requesting Plaintiff's

18   cooperation to attend for in-person examinations but did not receive responses); *Green v. City*

19   *of Phoenix*, 330 F.R.D. 239 (D. Ariz. 2019) (finding good cause existed to modify the

20   discovery deadline where deponent was scheduled for surgery and party was unable to

21   anticipate officer's unavailability for trial prior to the close of discovery).  The parties agreed to

22   an ambitious discovery schedule and have worked diligently and cooperatively to complete

23   discovery by the current discovery deadline. However, unexpected events have prevented the

24   parties from doing so and thus necessitated this request for a modest amount of additional time.

25

26

27

28

-3-

1    For these reasons, the parties have conferred and respectfully request the foregoing

2  extension to the case schedule.

3

4   Dated:  January 29, 2025                    STRADLING YOCCA CARLSON & RAUTH LLP

5                                              By:  */s/ Douglas Q. Hahn*_____
                                                    Douglas Q. Hahn (admitted *pro hac vice*)
6
                                               WOMBLE BOND DICKINSON (US) LLP
7                                                   Meng Zhong, Esq.
                                                    Ogonna M. Brown, Esq.
8

9                                              *Attorneys for Plaintiffs The Spearmint Rhino*
                                               *Companies Worldwide, Inc. and K-Kel, Inc.*
10

11                                             MAXWELL GOSS PLLC

12                                             By:  */s/ Maxwell Goss*_____
                                                    Maxwell Goss
13                                                  Elizabeth Erickson

14                                             RANDAZZA LEGAL GROUP
                                                    Marc J. Randazza
15                                                  Trey A. Rothell

16                                             *Attorneys for Defendants*
                                               *Chang's Dynasty LLC and Alan Chang*
17

18

19

20   **IT IS SO ORDERED**

21

22                                             _____

23                                             UNITED STATES MAGISTRATE JUDGE

24                                             DATED: _____

25

26

27

28
                                            -4-